## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| QUOGEN, LLC; MICHAEL | ) |
| CARTWRIGHT; JUSTIN ELENBURG; | ) |
| MED-SENSE GUARANTEED | ) |
| ASSOCIATION, INC.; JENNIFER | ) |
| MANSFIELD; DIGITAL THRIVE, LLC; | ) |
| GO HEALTH, LLC; FEDERAL | ) |
| INSURANCE COMPANY; TASHANNA | ) |
| WAGNER; AMERICAN FINANCIAL | ) |
| SECURITY LIFE INSURANCE | ) |
| COMPANY; AMERICAN SERVICE | ) |
| INSURANCE COMPANY, LLC; and | ) |
| NATIONAL CONGRESS OF | ) |
| EMPLOYERS, INC.; | ) |
| | ) |
| Defendants. | ) |

Civil Case No. 4:19-cv-00237

## DEFENDANT MED-SENSE GUARANTEED ASSOCIATION'S
## MOTION TO DISMISS COMPLAINT

Defendant Med-Sense Guaranteed Association ("**Med-Sense**"), by and through under-signed counsel, files this Motion to Dismiss Complaint pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure (the "**Rules**"), the prior pending action doctrine, and because of the Plaintiff's lack of standing, respectfully showing the Court as follows:

## INTRODUCTION

The shotgun-style complaint (the "**Complaint**") [Doc. 1] filed by Plaintiff Craig Cunningham (the "**Plaintiff**")[1] against 12 defendants should be dismissed, particularly with respect to Med-Sense.  There is no personal jurisdiction over Med-Sense in this district, because

---

[1]  Case law research reveals that Mr. Cunningham has filed dozens of lawsuits, leaving in his wake a body of case law, a portion of which is cited herein.  As of the end of 2016, Mr. Cunningham had filed at least 80 separate lawsuits.  According to recent news reports, as of the middle of last year, he had filed over 113 lawsuits since 2005. https://www.accountsrecovery.net/2018/06/07/judge-tosses-case-filed-by-professional-plaintiff/.

Med-Sense has no physical presence in Texas, and Plaintiff's alleged causes of action do not arise from any contacts with this forum, and therefore the Complaint should be dismissed pursuant to Rule 12(b)(2). Similarly, the Complaint should be dismissed pursuant to Rule 12(b)(3) for improper venue because Mr. Cunningham has not established that the alleged events took place in this district. Further, the Complaint should be dismissed for failure to state a claim because Mr. Cunningham does not allege that Med-Sense made any of the calls that form the basis of this lawsuit, and his vague and conclusory allegations regarding agency and ratification are insufficient to pin liability on Med-Sense. Moreover, Mr. Cunningham suffered no harm and therefore has no standing to sue. In addition, he has already filed a prior similar action pending against Med-Sense, making dismissal of this duplicative case appropriate.

## ARGUMENT

### A. The Court Should Dismiss Med-Sense from this Lawsuit for Lack of Personal Jurisdiction.

The Plaintiff has not met his burden of showing that this Court has personal jurisdiction over Med-Sense. "The plaintiff has the burden to make a prima facie showing that personal jurisdiction is proper." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). He has made no such showing.

The Plaintiff's only statements in the Complaint with respect to personal jurisdiction are vague and confusing. He claims that the Court "has general jurisdiction over the defendant [sic] because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and the [sic] sell goods and services to Texas residents, including the Plaintiff." (Compl. ¶ 16). The remaining allegations in the Complaint reveal that this statement cannot possibly be true for all 12 defendants. Further, he states that this Court "has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of Teliamarie

Lamb [sic] and DR. Finance, LLC [sic]."  It is unclear who these parties are or what they have to do with any of the other allegations in the Complaint.

In any event, the Plaintiff certainly has not carried his burden to show this Court's personal jurisdiction over Med-Sense, because the Complaint does not contain any other allegations upon which the Court could draw a reasonable inference that it has personal jurisdiction over Med-Sense.

Accordingly, the Plaintiff has failed to show that this Court has either general or specific personal jurisdiction over Med-Sense.  General personal jurisdiction exists in those cases where a defendant has "continuous and systematic general business contacts with the forum state.'" *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)).

However, a "nonresident that merely does business with Texas businesses or customers will not be subject to general jurisdiction here unless it also has a lasting physical presence in the state." *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-337-S-BN, 2018 WL 4575005, at *4 (N.D. Tex. Aug. 31, 2018), *report and recommendation adopted*, No. 3:17-CV-337-S-BN, 2018 WL 4568803 (N.D. Tex. Sept. 24, 2018) (*citing Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999) *and Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 614 (5th Cir. 2008)).

As reflected in the Declaration of Ronald Kotowski attached hereto as **Exhibit A**, Med-Sense does not maintain any lasting physical presence in Texas.  Med-Sense is a Delaware corporation with its principal place of business in Springfield, Illinois, and its membership service office is located in Chesterfield, Missouri.  Med-Sense does not maintain an office in

Texas, does not own any real property in Texas, and does not maintain any bank accounts in the state of Texas. Accordingly, general personal jurisdiction over Med-Sense does not exist.

Further, there is no specific personal jurisdiction over Med-Sense in this case. The Fifth Circuit employs a three-step analysis of specific personal jurisdiction: "(1) whether the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Luv N' care, Ltd. v. Insta-Mix, Inc*., 438 F.3d 465, 469 (5th Cir. 2006) (punctuation and citations omitted).

First, the Plaintiff has not shown that Med-Sense "purposefully [availed] itself of the privilege of conducting activities within [Texas], thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985) (punctuation and citation omitted). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id*. at 475 (citations omitted).

With respect to Med-Sense, the Plaintiff has not alleged anything more than random, fortuitous, and attenuated contacts, which appear to have occurred solely due to his own unilateral activity. As the Court will no doubt see in the plethora of case law that has followed in the wake of the Plaintiff's many lawsuits, he has claimed to be resident of Nashville, Tennessee (until recently, apparently).[2] As best as can be discerned from the Complaint, it appears that the Plaintiff's only allegations regarding the defendants' Texas contacts are that he was "residing in the Eastern District of Texas when he received a substantial if not every single call from the

---

[2] Med-Sense questions whether Mr. Cunningham is actually a Texas resident at all. A simple internet search of the address that he shows on his Complaint (3000 Custer Road Ste. 270-206 Plano, TX 75075) reveals that this location apparently is not in fact a residence but instead a post office box held at "The Mailing Point."

-4-

Defendants that are the subject matter of this lawsuit." (Compl. ¶ 18).  Yet he also admits that those calls were placed to his cell phone, the number for which is 615-331-7262.  (Compl. ¶ 35). Based on the area code, that is obviously a Tennessee phone number.[3]

Even if, *arguendo*, Med-Sense had something to do with the calls that the Plaintiff allegedly received, it can hardly be said that calling a phone registered in Nashville, Tennessee amounts to a "purposeful availment" of the laws of Texas.  This Court has previously recognized that calling Mr. Cunningham's Nashville phone number does not constitute an effort to target Texas.  *Cunningham v. Mark D. Guidubaldi & Assocs., LLC*, No. 418CV00118ALMCAN, 2019 WL 1119365, at *7 (E.D. Tex. Jan. 11, 2019), *report and recommendation adopted*, No. 4:18-CV-118, 2019 WL 1117915 (E.D. Tex. Mar. 11, 2019) ("[T]he Court cannot 'reasonably infer that [defendant's] telemarketing efforts targeted this state because the contacted phone numbers are associated with an area code in Tennessee.") (punctuation and citations omitted).

As for the second factor in the specific jurisdiction analysis, the Plaintiff has failed to show that his alleged causes of action arise out of any contacts between Med-Sense and the state of Texas, as explained above.

Finally, exercising personal jurisdiction over Med-Sense would not be fair or reasonable. Five factors guide a court's analysis of whether exercising personal jurisdiction is fair and reasonable: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir.

---

[3]  "Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of an 'adjudicative fact' if the fact is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.'" *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (*citing* Fed. R. Ev. 201(b)).

2006).  Here, (1) the burden on Med-Sense would be great, as it has neither an office nor counsel located in or near this district; (2) Texas has no particular interest in this case; (3) the Plaintiff could seek relief in many other places (such as Tennessee, where he currently has a case against Med-Sense pending); (4) efficient administration of justice would weigh toward other jurisdictions; and (5) to the extent this district has an interest in furthering social policies based on the Plaintiff's claims, perhaps that could be accomplished in one of the other cases that he has brought in this district (or the many more that he will no doubt bring).

In sum, this Court should follow the holdings of other courts that have dismissed the Plaintiff's complaints for lack of personal jurisdiction. *See, e.g., Cunningham v. Caribbean Cruise Line, Inc.*, No. 3:14-CV-01040, 2015 WL 475271, at *6 (M.D. Tenn. Feb. 4, 2015), *report and recommendation adopted sub nom. Cunningham v. Caribbean Cruise Line*, No. CIV. 3:14-1040, 2015 WL 1275435 (M.D. Tenn. Mar. 19, 2015) (dismissing Mr. Cunningham's complaint, filed in Tennessee, against company incorporated and headquartered in Florida, which had no physical presence or property in Tennessee, was not registered with Tennessee secretary of state, and never had an agent or employee visit Tennessee for any business purpose); *see also Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 17-CV-1216, 2018 WL 835222, at *4 (N.D. Ill. Feb. 13, 2018) (dismissing Mr. Cunningham's complaint against companies that "lack[ed] the infrastructure necessary to operate an [automatic telephone dialing system] within Illinois, and so could not have launched the offending calls to Plaintiff from within this state"); *see also Cunningham v. Capital Advance Sols., LLC*, No. CV 17-13050 (FLW), 2018 WL 6061405, at *9 (D.N.J. Nov. 20, 2018) (dismissing defendant for lack of personal jurisdiction where Mr. Cunningham "failed to sufficiently allege that [the defendant]

conducted 'marketing activities' which 'targeted the forum state of New Jersey'") (citation omitted).

**B.   The Court Should Dismiss the Claims Against Med-Sense Because the Plaintiff Fails to State a Claim.**

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) when it does not contain sufficient factual allegations to establish a plausible claim for relief on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).

In *Twombly*, the Supreme Court emphasized that a complaint requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).  In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Although the Court should accept well-pled facts as true, it is not required to accept a plaintiff's legal conclusions. *Id.* ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Similarly, "unwarranted deductions of fact" in a complaint are not assumed to be true for the purpose of testing the sufficiency of plaintiff's allegations. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*,

-7-

416 F.3d 1242, 1248 (11th Cir. 2005); *see also Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1951 (stating

conclusory allegations are "not entitled to be assumed true").

>    1.    **Count I Should Be Dismissed Because Med-Sense is Not Responsible for the Calls of which the Plaintiff Complains.**

In Count I of the Complaint, the Plaintiff asserts a claim against all defendants for Non-

Emergency Robocalls to Cellular Telephones, under 47 U.S.C. § 227(b)(1)(A), also known as the

Telephone Consumer Protection Act (the "**TCPA**"). "The three elements of a TCPA claim are:

(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing

system or an artificial or prerecorded voice; (3) without the recipient's prior express consent."

*Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at *2

(N.D. Tex. Nov. 2, 2017) (*citing Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036,

1043 (9th Cir. 2012)) (punctuation omitted).

First of all, the Plaintiff does not allege that Med-Sense made any of the alleged calls.

Instead, he alleges that the calls were made by representatives of Quogen, LLC and Digital

Thrive, LLC. (Compl. ¶ 37–38).  Accordingly, Count I should be dismissed as to Med-Sense.

*See, e.g., Cunningham v. Crosby Billing Servs., Corp.*, No. 418CV00043ALMCAN, 2018 WL

6424792, at *5 (E.D. Tex. Oct. 14, 2018), report and recommendation adopted, No. 4:18-CV-43,

2018 WL 6424695 (E.D. Tex. Dec. 5, 2018) ("Plaintiff has not sufficiently pled a claim against

Defendant Firefly.  Specifically, Plaintiff does not identify or allege that Firefly made any call to

Plaintiff—rather, in his pleadings and at Hearing, Plaintiff argued that the calls were all made by

First Class at the direction of Jeff Nahom.").

Under certain circumstances, a defendant can be held liable under vicarious liability

principles, but those circumstances are not present here.  *See Campbell-Ewald Co. v. Gomez*, 136

S. Ct. 663, 674, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016) ("[U]nder federal common-

-8-

law principles of agency, there is vicarious liability for TCPA violations."). "In this regard, vicarious liability may be established through the following agency theories: (a) actual authority; (b) apparent authority; and (c) ratification." *Cunningham v. Capital Advance Sols., LLC*, No. CV 17-13050 (FLW), 2018 WL 6061405, at *6 (D.N.J. Nov. 20, 2018).  Mr. Cunningham vaguely alleges in conclusory fashion that "[t]hese parties are vicariously liable under the theories of actual authority, apparant [sic] authority, and ratification." (Compl. ¶ 58). None of these three theories applies to Med-Sense in this case, and the Plaintiff fails to allege otherwise.

The actual authority theory does not work because "there are no factual allegations showing that [the entities allegedly calling him] were in fact acting at the directive of or on behalf of" Med-Sense, and "no factual allegations that the plaintiff was transferred to [Med-Sense] during the telephone calls, that [Med-Sense] subsequently contacted the plaintiff in any manner as a result of the telephone calls, or any other allegations from which it could reasonably be inferred that [Med-Sense] was provided information about the plaintiff from the [parties that allegedly called him] or that [Med-Sense] was a de facto participant in the telephone calls." *Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 WL 8335868, at *7 (M.D. Tenn. Nov. 19, 2014), *report and recommendation approved*, No. 3:14-CV-01574, 2015 WL 1412737 (M.D. Tenn. Mar. 26, 2015).

Similarly, the Plaintiff's apparent authority theory fails because "apparent authority requires that the principal made manifestations to the third party (in this case, Plaintiff) that created the third party's reasonable belief." *Cunningham v. Health Plan Intermediaries Holdings*, LLC, No. 17-CV-1216, 2018 WL 835222, at *6 (N.D. Ill. Feb. 13, 2018) (citation omitted).  "Because Plaintiff fails to allege any manifestations that [Med-Sense] made to him, he fails to sufficiently plead apparent authority." *Id.*

-9-

Likewise, the Plaintiff fails to plead any facts that would tend to show that any ratification occurred.  Perhaps the closest he comes is with vague, conclusory allegations that Med-Sense "stood to gain the Plaintiff as a client." (Compl. ¶ 59).  "These conclusory allegations fail to state a claim for vicarious liability under a ratification theory." *Id*. (holding that the Plaintiff's statements that "[e]ach and every Defendant also ratified the illegal actions of every other defendant by knowingly accepting the benefits of each Defendant's activities by accepting applications and customers from each other" and that they "transferred valuable customer information to one another based on the results of these telemarketing calls" were insufficient to state a claim under a ratification theory).

In sum, this Court should follow the holdings of courts across the country that have held that the Plaintiff's vague allegations fail to state a claim under a vicarious liability theory. *See, e.g., Cunningham v. Channer, LLC*, No. 17-CV-1305-FPG, 2018 WL 4620391, at *6 (W.D.N.Y. Sept. 26, 2018) ("The Complaint lacks sufficient facts or details from which the Court may infer vicarious liability. Plaintiff has therefore failed to state a TCPA claim based on a vicarious liability theory."); *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 17-CV-1216, 2018 WL 835222, at *5 (N.D. Ill. Feb. 13, 2018) ("Plaintiff's allegations of universal agency among Defendants offer nothing more than threadbare recitals of the elements of a cause of action and conclusory statements.") (citation and punctuation omitted); *Cunningham v. Trilegiant Corp.*, No. 3:15-CV-989, 2016 WL 10650606, at *5 (M.D. Tenn. Aug. 26, 2016) ("Though vicarious liability may be premised on actual agency, apparent authority, or ratification, the existence of this agency relationship must be established by more than conclusory allegations.") (citations omitted).

Moreover, though the Plaintiff makes certain allegations regarding the alleged use of an automated dialing system, his allegations regarding a pre-recorded voice are vague and conclusory.  He states simply that he "received multiple calls . . . that contained a pre-recorded message." (Compl. ¶ 37). That is all.  Based on the allegations in the Complaint, it is impossible to ascertain whether all of the alleged calls contained a pre-recorded message, what the alleged message was about, or if the message had anything to do with Med-Sense at all.   "The Fifth Circuit has concluded that to be liable under the 'artificial or prerecorded voice' section of the TCPA  . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-S-BH, 2018 WL 3118400, at *3 (N.D. Tex. May 29, 2018), report and recommendation adopted, No. 3:16-CV-2879-S-BH, 2018 WL 3117529 (N.D. Tex. June 25, 2018) (*citing Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015)) (punctuation omitted).  The allegations in the Complaint are insufficient to show that Med-Sense made any call or that any artificial or prerecorded voice actually played.

**2.    Count II Should Be Dismissed Because the Complaint is Not Based on Calls to a Residence, and there are No Allegations that Med-Sense Failed to Maintain a Do Not Call Policy, Which Would Not Have Damaged Plaintiff In Any Event.**

In Count II of the Complaint, the Plaintiff asserts a claim against all defendants for Telemarketing without Mandated Safeguards under 47 C.F.R. § 64.1200(d).  The regulation he cites was implemented pursuant to 47 U.S.C. § 227(c) and provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d).

As a threshold matter, this regulation only applies where calls are made to a "residential telephone subscriber." *Id*.  Here, Mr. Cunningham alleges that all of the alleged calls were made

-11-

to his cellular phone. (Compl. ¶ 35).  "Accordingly, he fails to state a claim for relief under 47 U.S.C. § 227(c)(5), and Count II should be dismissed." *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2017 WL 2719992, at *6 (M.D. Tenn. June 23, 2017), *report and recommendation adopted sub nom. Cunningham v. Polselli*, No. CV 15-00847, 2017 WL 2935784 (M.D. Tenn. July 10, 2017); *Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:16-2921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018), *report and recommendation adopted sub nom. CRAIG CUNNINGHAM,, Plaintiff, v. SUNSHINE CONSULTING GROUP, LLC, ET AL.*, No. 3:16-CV-02921, 2018 WL 5728534 (M.D. Tenn. Aug. 7, 2018) (same) (citation omitted); *Cunningham v. Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 WL 3222559, at *3 (M.D. Tenn. July 7, 2017), *report and recommendation adopted*, No. 3:16-CV-02283, 2017 WL 3220411 (M.D. Tenn. July 28, 2017) (same) (citation omitted).

Further, the Court should follow many other courts (including a prior ruling by this Court) that have held that the Plaintiff fails to state a claim under Count II because of his sparse and conclusory allegations regarding the supposed lack of a do not call policy. *See, e.g., Cunningham v. Mark D. Guidubaldi & Assocs., LLC*, No. 418CV00118ALMCAN, 2019 WL 1119365, at *10 (E.D. Tex. Jan. 11, 2019), *report and recommendation adopted*, No. 4:18-CV-118, 2019 WL 1117915 (E.D. Tex. Mar. 11, 2019); *Cunningham v. Crosby Billing Servs., Corp.*, No. 418CV00043ALMCAN, 2018 WL 6424792, at *7 (E.D. Tex. Oct. 14, 2018), *report and recommendation adopted*, No. 4:18-CV-43, 2018 WL 6424695 (E.D. Tex. Dec. 5, 2018); *Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-S-BH, 2018 WL 3118400, at *4 (N.D. Tex. May 29, 2018), *report and recommendation adopted*, No. 3:16-CV-2879-S-BH, 2018 WL 3117529 (N.D. Tex. June 25, 2018); *see also Cunningham v. Greenstar Capital Sols., LLC*, No. 418CV000161ALMCAN, 2018 WL 4572711, at *5 (E.D. Tex. Aug. 1, 2018), *report and*

-12-

*recommendation adopted*, No. 4:18-CV-161, 2018 WL 4567706 (E.D. Tex. Sept. 24, 2018) (citation omitted) ("Plaintiff does not allege that he made any such affirmative request to Defendant, and therefore it is not clear how the provision was violated.") (citation omitted); *see also Cunningham v. Florio*, No. 417CV00839ALMCAN, 2018 WL 4473792, at *13 (E.D. Tex. Aug. 6, 2018), *report and recommendation adopted*, No. 4:17-CV-839, 2018 WL 4473096 (E.D. Tex. Sept. 18, 2018) (same).

Naturally, the Complaint does not contain any allegations that the Plaintiff has ever asked to be put on any "do not call" list and, accordingly, this claim fails. The provisions of the TCPA that were meant to protect people seeking to be on a do not call list cannot form the basis of an alleged harm to the Plaintiff, who apparently thrives on bringing TCPA suits.

**3.      Count III Rests on the Same Allegations as Counts I and II and Should Be Dismissed Accordingly.**

In Count III, the Plaintiff asserts a claim under section 305.053 of the Texas Business and Commerce Code. This code provision provides that a "person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A1 may bring an action in this state against the person who originates the communication" for an injunction and/or damages. Tex. Bus. & Com. Code Ann. § 305.053. As this count is essentially based on all of the same allegations as Counts I and II, Med-Sense incorporates its arguments above with respect to those counts. Accordingly, Count III should be dismissed for the same reasons as the other two counts.

**C. The Court Should Dismiss the Complaint Because the Plaintiff Does Not Have Standing.**

According to the U.S. Supreme Court, a plaintiff must have actually suffered harm to have standing to sue, which requires an injury in fact. "To establish injury in fact, a plaintiff

-13-

must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robin*s, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (citation omitted). The Plaintiff has suffered no such injury.

In a similar case, the Western District of Pennsylvania held that another professional plaintiff did not have standing to assert TCPA claims. *See Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016). In that case, the plaintiff "admitted that her only purpose in using her cell phones is to file TCPA lawsuits," and therefore the court found that "the calls are not a nuisance and an invasion of privacy," nor did they constitute "the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers." *Id*. at 800 (punctuation and citations omitted). Therefore, the court concluded that it "must reject Plaintiff's argument that she suffered an injury-in-fact because her privacy interests were violated." *Id*. Accordingly, the court found that the plaintiff did "not have the sort of interest in privacy, peace, and quiet that Congress intended to protect," and it held that she did not have standing under the TCPA because "she has failed to establish that the injury she complains of falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for her complaint." *Id*. at 805 (punctuation and citations omitted).

Here, if the alleged calls actually occurred, the Plaintiff was not injured by them. To the contrary—the alleged calls provided him with another money-making opportunity. He almost certainly welcomed the calls, as they provided him with a basis to file yet another lawsuit. Rather than express frustration or annoyance, Mr. Cunningham engaged the callers and allegedly went so far as to fill out applications with some of the defendants. (*See* Compl. Ex. C). These are hardly the actions of someone suffering from an injury in fact.

-14-

**D.  The Court Should Dismiss the Complaint Because it is Duplicative of a Prior Pending Action.**

This case is not the only one that the Plaintiff has pending against Med-Sense and others for alleged TCPA violations.  He admits in his Complaint that he "has sued several of the defendants in this case multiple times before including [Med-Sense]." (Compl. ¶ 36).  In fact, he refers to one of the prior actions, which is currently pending in the Middle District of Tennessee, *Cunningham v. Health Plan Intermediaries Holdings, et al.*, Case No. 3:18-cv-00518 (the "**Tennessee Action**"). As the Court may see upon a brief review of the docket in that case, it is still pending, and the judge has not yet ruled on pending motions to dismiss.[4]

In addition to the reasons set forth above, this Court should dismiss this case as to Med-Sense pursuant to the prior pending action doctrine. "When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (citation omitted). As the Court may see, the claims that the Plaintiff is asserting in this case are duplicative of the claims asserted in the Tennessee Action. A true and correct copy of the Second Amended Complaint from the Tennessee Action is attached hereto as **Exhibit B**. In that case, he asserts vague allegations against Med-Sense and asserts claims under the TCPA, just as he does here.

**E.  The Court Should Dismiss the Complaint for Improper Venue.**

Further, the Plaintiff has not brought this action in a proper venue. Under the federal venue statute, if he had a viable action, he could bring it in:

---

[4]  "A court may take judicial notice of 'a document filed in another court . . . to establish the fact of such litigation and related filings,' but generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable. *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (*quoting Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)).

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  The Plaintiff does not satisfy any of these provisions.  First, he does not allege that any of the defendants reside in this district.  Second, it is highly questionable whether the alleged events actually occurred in this district, as many of his previous cases have documented his residence as Nashville, Tennessee, and he has a Nashville phone number. Finally, there are other districts where this action could be brought (including the Middle District of Tennessee).  Accordingly, this is not the proper venue for these claims.

## CONCLUSION

For the reasons set forth above, Med-Sense requests that the Court dismiss all counts of the Complaint against Med-Sense with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6), the prior pending action doctrine, and because of the Plaintiff's lack of standing, and grant such other relief as is just and proper.

Dated:  April 19, 2019

**GREENBERG TRAURIG, LLP**

*/s/ John D. Elrod*
John D. Elrod (Ga. Bar No. 246604)
Benjamin R. Keck (*Pro hac vice* motion forthcoming)
3333 Piedmont Road, NW, Suite 2500
Atlanta, Georgia 30305
Telephone: 678-553-2259
Facsimile: 678-553-2269
elrodj@gtlaw.com
keckb@gtlaw.com
*Counsel for Med-Sense Guaranteed Association*

-16-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2019, a copy of the foregoing pleading was sent via CM/ECF to all parties on the Court's CM/ECF register identified as receiving electronic mail service in this case, as well as to the Plaintiff by sending a copy by first-class mail to the following address:

Craig Cunningham
3000 Custer Road
Ste. 270-206
Plano, TX  75075

/s/ John D. Elrod
John D. Elrod

*ACTIVE 43021337v2*